UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANGEL TORRES,

 Plaintiff,

   v.         CAUSE NO. 3:21-CV-204-JD-MGG

HEATHER MARIE HYDUK, SARA
TROYER, and ETHAN C. MCKINNEY,

 Defendants.

OPINION AND ORDER

Angel Torres, a prisoner without a lawyer, filed a complaint. ECF 1. After a slight delay in getting the filing fee situation resolved, the complaint is ready for screening.[1] "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

---

[1] Torres has two pending motions relating to his efforts to have the St. Joseph County Jail remit the initial partial filing fee ordered by the court. ECF 8, 10. Torres has satisfactorily demonstrated that the failure to pay the initial partial filing fee was through no fault of his. The case can now be screened, and so the motions are moot.

Torres filed this lawsuit against two prosecutors from the Child Support Division of the St. Joseph County Prosecutor's Office and the alleged mother of his child, claiming that the mother falsely accused him of rape during a hearing regarding a petition to establish paternity. He claims they are conspiring to slander and defame him to keep him from exercising paternity over his son. He seeks an apology and damages for the alleged slander.

The *Rooker-Feldman* doctrine prevents this court from being able to decide this case. Under the *Rooker-Feldman* doctrine, "the lower federal courts lack jurisdiction to review the decisions of state courts in civil cases." *Gilbert v. Ill. St. Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Ct. of App. v. Feldman*, 460 U.S. 462 (1983)). "The *Rooker-Feldman* principle prevents a state-court loser from bringing suit in federal court in order effectively to set aside the state-court judgment." *Gilbert*, 591 F.3d at 900. Although Torres is not explicitly challenging the state court decision, it appears that he is challenging the factual underpinnings of it. *See* Ind. Code § 31-35-3.5-3 ("[I]f a child was conceived as a result of an act of rape, the parent who is the victim of the act of rape may file a verified petition with the juvenile or probate court to terminate the parent-child relationship between the child and the alleged perpetrator of the act of rape."). The court infers that Torres' paternity petition was determined in part based on the rape accusation, so challenging this accusation challenges the basis for the state court ruling. The *Rooker-Feldman* doctrine "is not limited to just those claims alleging that the state court judgment itself caused the federal plaintiff's injury; the doctrine also precludes federal

jurisdiction over claims 'inextricably intertwined' with a state court determination." *Remer v. Burlington Area Sch. Dist.,* 205 F.3d 990, 996 (7th Cir. 2000) (quoting *Feldman,* 460 U.S. at 483-84 n.16). If Torres wants to challenge the state court decision, he must appeal through the state court system, not file a separate federal action. *See GASH Assoc. v. Village of Rosemont,* 995 F.2d 726, 728 (7th Cir. 1993) (noting that *Rooker–Feldman* bars litigation when "the plaintiffs' injury stemmed from the state judgment—an erroneous judgment, perhaps, entered after procedures said to be unconstitutional, but a judgment nonetheless"); *see also Jones v. Indiana*, 533 F. App'x 672, 673 (7th Cir. 2013) (barring federal suit challenging paternity and child support order because of *Rooker-Feldman*). Therefore, this court lacks jurisdiction to hear the case.

Even if this court had jurisdiction, this suit would be barred for other reasons. The two prosecutors have absolute immunity for all acts taken that are "intimately associated" with the judicial process. *Imbler v. Pachtmen*, 424 U.S. 409, 430 (1976). The paternity hearing was part of a judicial process. Similarly, "witnesses are absolutely immune from liability in damages on account of their acts in court." *Millspaugh v. Cnty. Dep't of Public Welfare of Wabash Cnty.*, 937 F.2d 1172, 1175 (7th Cir. 1991). Therefore, the child's mother cannot be sued for the statements she made in court.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v.*

*Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, the motions (ECF 8, 10) are **DENIED**, and this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

SO ORDERED on June 28, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT